UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    1/30/2026

ROSA ZAYAS, as Parent and Natural Guardian
of R.Z., and ROSA ZAYAS, Individually;

LIZETTE MARTINEZ, as Parent and Natural
Guardian of H.G.M., and LIZETTE
MARTINEZ, Individually;

BINTU KABBA, as Parent and Natural Guardian
of O.F., and BINTU KABBA, Individually;

MAYLENE OTERO, as Parent and Natural
Guardian of K.R.-O., and MAYLENE OTERO,
Individually;

                              Plaintiffs,

           -against-                                         25 Civ. 7561 (AT)

MELISSA AVILES-RAMOS, in her official                        **ORDER**
capacity as Chancellor of the New York City
Department of Education, and the NEW YORK
CITY DEPARTMENT OF EDUCATION,

                              Defendants.

ANALISA TORRES, District Judge:

         Plaintiffs are the parents of four students with disabilities who are enrolled at the

International Academy for the Brain ("iBRAIN").  On September 11, 2025, they brought this

action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*,

against Defendants, the New York City Department of Education and its Chancellor (collectively,

the "DOE" or the "Department"), alleging that the DOE failed to identify, implement, and fund

the students' pendency placements for the 2025–2026 school year ("SY").  *See generally* Compl.,

ECF No. 1.  Plaintiffs previously moved for two preliminary injunctions requesting that the Court:

(1) order the DOE to adhere to an expedited hearing timeline for their state administrative

proceedings, *see* Mot. I, ECF No. 6; and (2) establish the students' pendency placement for the

2025–2026 SY and order the DOE to fund those placements, Mot. II, ECF No. 13; Mem. II, ECF No. 16; *see also* Opp. II, ECF No. 24.  On December 1, 2025, the Court denied the first motion, and granted in part and denied in part the second.  Order at 1, ECF No. 33.  Specifically, the Court declared that the students' pendency lies with iBRAIN for the 2025–2026 SY and denied the motions in all other respects.  *See* Order at 9.

Before the Court is Defendants' motion for reconsideration.  *See* Recon. Mem., ECF No. 37; Recon. Opp., ECF No. 40; Recon. Reply, ECF No. 41.  Defendants argue for reconsideration of the Court's declaration that the students' pendency placement is at iBRAIN because the Court's order was based on defense counsel's misrepresentation that "the DOE does not dispute that all student Plaintiffs' last agreed-upon placement lies at iBRAIN."  Order at 6 (citing Opp. II at 7).  The Court grants the motion for reconsideration.  Defendants also submit that Plaintiffs are not properly joined and that "dismissal without prejudice here of every Plaintiff apart from Rosa Zayas and student R.Z. is appropriate."  Recon. Reply at 4.  The Court agrees.[1]

## BACKGROUND

I.      Statutory Background

"The IDEA offers federal funds to states that demonstrate, *inter alia*, that they have developed plans to assure 'all children with disabilities residing in the state' a 'free appropriate public education' ('FAPE')."  *Mackey ex rel. Thomas M. v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 386 F.3d 158, 159–60 (2d Cir. 2004) (quoting 20 U.S.C. § 1412(a)(1)(A)).  School districts

---

[1] Defendants also move to file under seal certain documents from two students' administrative records, in accordance with the Family Education Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g).  *See* ECF No. 35. Plaintiffs do not oppose this request.  The Court finds that public interest in the students' educational records is low, and the students' privacy interest is high, especially because the documents discuss the students' medical diagnoses and needs.  Therefore, the Court grants the motion, and the documents filed at ECF No. 38 shall remain under seal. *See J.L. on behalf of J.P. v. N.Y.C. Dep't of Educ.*, No. 17 Civ. 7150, 2024 WL 291218, at *3 (S.D.N.Y. Jan. 25, 2024) (sealing certain documents in an IDEA case because "the children's privacy interests in their identities and their specific medical and educational information outweighs the public interest in this information").

must create an individualized education program ("IEP") for qualifying children to ensure they receive a FAPE. 20 U.S.C. § 1414(d). "The IDEA requires that an IEP be 'reasonably calculated to enable the child to receive educational benefits.'" *R.E. v. N.Y.C. Dept. of Educ.*, 694 F.3d 167, 175 (2d Cir. 2012) (citation omitted). If a parent believes that the IEP is inadequate and that DOE thus failed to provide their child with a FAPE, "the parent may file a 'due process complaint' [('DPC')] (a type of administrative challenge unrelated to the concept of constitutional due process) with the appropriate state agency." *Id* (citing 20 U.S.C. § 1415(b)(6)). The due process hearing is conducted by an Impartial Hearing Officer ("IHO"). *See* 20 U.S.C. § 1415(f)(1)(A). After an IHO has issued a decision, either party may appeal that decision to the State Review Officer ("SRO"). N.Y. Educ. L. § 4404(2). Either party may then seek review of the SRO's decision in state or federal court. 20 U.S.C. § 1415(i)(2)(A).

The IDEA contains a "stay-put" or "pendency" provision that entitles children to "remain in [their] then-current educational placement" at public expense "during the pendency of any proceedings." 20 U.S.C. § 1415(j). "Parents can also unilaterally change their child's placement during the pendency of review proceedings—for instance, by enrolling them in private school—but they do so at their own financial risk." *Mendez*, 65 F.4th at 59.

To determine a student's "then-current educational placement" for purposes of the stay-put provision, courts look to (1) "typically the placement described in the child's most recently implemented IEP"; (2) "the operative placement actually functioning at the time . . . when the stay put provision of the IDEA was invoked"; and (3) "the placement at the time of the previously implemented IEP." *Mackey*, 386 F.3d at 163 (citations omitted). The term "'operative placement' has its origin in cases where the school district attempts to move the child to a new school without the parents' consent, or where there is no previously implemented IEP so that the current placement

provided by the school is considered to be pendency placement for the purposes of the stay-put provision." *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 536 (2d Cir. 2020). It does not apply to circumstances where, for example, a parent "unilaterally transfer[s] his or her child and subsequently initiate[s] an IEP dispute to argue that the new school's services must be funded on a pendency basis." *Id.*; *see also Mendez*, 65 F.4th at 59.

II.     Factual Background

Plaintiffs are parents and guardians of four students with disabilities: R.Z., H.G.M., O.F., and K.R.-O. *See generally* Compl. In July 2025, Plaintiffs each filed a DPC alleging that the DOE did not provide their children a FAPE for the 2025–2026 SY. *See* Compl. ¶¶ 112, 128, 145, 163; ECF Nos. 9-2 at 2, 9-8 at 2, 9-17 at 2. Plaintiffs R.Z. and K.R.-O. have since obtained pendency orders at iBRAIN for the 2025–2026 SY. *See* Opp. II at 3. Although Defendants initially represented that "all the student Plaintiffs' last agreed-upon placement lies at iBRAIN," *id.* at 7, Defendants now clarify that this representation was erroneous, and the DOE has legitimate grounds for contesting pendency at iBRAIN for students H.G.M. and O.F. *See generally* Recon. Mem.

First, H.G.M. "turned 23-years old over two months ago and has accordingly aged out of any eligibility for a [FAPE] for the 2025–26 school year." *Id.* at 1–2. In a final decision dated October 30, 2025, an IHO denied all relief to H.G.M. for the 2025–2026 SY because of age. *Id.* at 2; *see* H.G.M. IHO Decision at 4, ECF No. 38-1 ("Parent's claims with respect to the 2025–2026 school year are dismissed, as [H.G.M.] was not legally entitled to a FAPE for that school year due to her age); *id.* at 21 (same). Second, in a final decision dated October 20, 2025, an IHO found that O.F. has a "last agreed upon education plan"—an unchallenged August 2022 IEP—that does not provide for pendency at iBRAIN. *See* O.F. IHO Decision at 11, ECF No. 38-2.

**DISCUSSION**

I.    <u>Legal Standard</u>

Local Rule 6.3 allows parties to move for reconsideration of the Court's order.  Courts evaluate such motions using "identical" standards for those used to determine a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59.  *Farez-Espinoza v. Napolitano*, No. 08 Civ. 11060, 2009 WL 1118098, at *3 (S.D.N.Y. Apr. 27, 2009).  There are four main grounds on which such a motion may be granted: "First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based.  Second, the motion may be granted so that the moving party may present newly discovered evidence or previously unavailable evidence.  Third, the motion will be granted if necessary to prevent manifest injustice. [] Fourth, [the] motion may be justified by an intervening change in controlling law."  *Schwartz v. Twin City Fire Ins. Co.*, 492 F. Supp. 2d 308, 324–25 (S.D.N.Y. 2007) (quoting Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 2810.1 (1995)).  "A decision to grant [the] motion is within the discretion of the district court."  *Id.*

Where parties are misjoined, the Court "may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  "[P]arties are misjoined when they fail to satisfy either of the conditions for permissive joinder of parties set forth in Rule 20(a)."  *Frias v. Aviles-Ramos*, No. 25 Civ. 5936, 2025 WL 2494336, at *1 (S.D.N.Y. Aug. 29, 2025) (citation omitted).  Rule 20(a)(1) permits joinder of multiple plaintiffs in one action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  *Id.* (quoting Fed. R. Civ. P. 20(a)(1)).

II.    Reconsideration of Pendency Placements

The Court vacates its Order to the extent that it declared that H.G.M. and O.F. are entitled to pendency placement at iBRAIN for the 2025–2026 SY.    Plaintiffs are correct that "[r]econsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Gerding v. Am. Kennel Club*, No. 21 Civ. 7958, 2025 WL 1212091, at *1 (S.D.N.Y. Apr. 24, 2025) (citation omitted). The Court nonetheless agrees with Defendants that reconsideration here is "necessary to correct manifest errors of . . . fact" and to prevent "manifest injustice."  *Schwartz*, 492 F. Supp. at 324. The Court's order as to pendency placements was based entirely on representations that Defendants acknowledge were false and based on attorney error.  *See* Recon. Mem. at 1, 4.  These errors in fact would "reasonably be expected to alter the conclusion reached by the court," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), and the Court finds that correcting these errors is necessary to prevent the "manifest injustice" of requiring the expenditure of a substantial amount of public funds when no true pendency placement requires such expenditure.  *See* Recon. Mem. at 3, 6 (noting an annual cost per student of approximately $350,000 for a placement at iBRAIN); *Schwartz*, 492 F. Supp. at 325.

The Court agrees that, based on the facts presented, Plaintiffs have not demonstrated that H.G.M. or O.F. are entitled to an order establishing pendency at iBRAIN, and Plaintiffs do not meaningfully argue otherwise.  *See* Recon. Opp. at 4–8 (arguing that reconsideration is not justified, but not that H.G.M. or O.F. have valid pendency placements at iBRAIN, except to the extent that the Court's prior order declared such placements).  As to H.G.M., under New York law, a student who is otherwise eligible as a student with a disability may continue to obtain services under the IDEA only until the conclusion of the ten-month school year in which she turns twenty-

one.  *See* N.Y. Educ. Law §§ 3202(1), 4401(1), 4402(5)(b); *see also* N.Y. Comp. Codes R. & Regs. Tit. 8 § 100.9(e); 34 C.F.R. 300.102(a)(1), (a)(3)(ii).  H.G.M. was 22 years old at the beginning of the 2025–2026 SY; therefore, H.G.M. is not entitled to a FAPE under the IDEA.  *See* H.G.M. IHO Decision at 18.

As to O.F., the "then-current educational placement" is the "the placement described in the child's most recently implemented IEP."  *Mackey*, 386 F.3d at 163 (citation omitted); O.F. IHO Decision at 11.  O.F.'s most recently implemented IEP is an unchallenged IEP from August 2022 that does not entitle O.F. to pendency at iBRAIN.  O.F. IHO Decision at 11.  The Court does not find that iBRAIN is O.F.'s "operative placement" for the purposes of pendency for the 2025–2026 SY.  Where a parent "unilaterally transfer[s] his or her child and subsequently initiate[s] an IEP dispute to argue that the new school's services must be funded on a pendency basis," the new school is not the student's "operative placement." *Ventura*, 959 F.3d at 536.

For these reasons, the Court vacates its order to the extent that it declared that H.G.M. and O.F. are entitled to pendency placement at iBRAIN.  *See* Order at 9.  For the avoidance of doubt, this order should not be construed as establishing pendency at iBRAIN from December 1, 2025 until the date of this order; rather, the Court vacates its December 1 order such that O.F. and H.G.M. never had a declaration from this Court that their pendency placement lies at iBRAIN.

III.    Dismissal for Improper Joinder

The Court also agrees that Plaintiffs' claims are improperly joined.  Joinder is proper when there is a "logical relationship" between Plaintiffs' claims.  *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004).  Although the facts need not be identical, "the essential facts of the claims must be so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit."  *Id.* (cleaned up).  The Court agrees with Judge

Cronan's well-reasoned decision in *Frias* that the "essential facts" of claims like Plaintiffs' are not "so logically connected" that the issues should be resolved together:

> Each of the [] students has a different individualized education program, the alleged deficiency of which prompted each student to file a different DPC. The particular DPCs are being reviewed by separately assigned impartial hearing officers in different administrative proceedings.  And logically, each Plaintiff's entitlement to relief depends on facts unique to that Plaintiff's administrative proceeding. Because no two Plaintiff[s'] claims depend on the same facts, resolving one Plaintiff's claim would do nothing to resolve another Plaintiff's claim.

*Frias*, 2025 WL 2494336, at \*2.

Plaintiffs argue that this matter is "not about each Plaintiff's unique educational program but the Defendants' systemic failure to timely implement each Plaintiffs' pendency rights and timely resolve due process proceedings."  Recon. Opp. at 10.  The Court is unpersuaded.  As Plaintiffs acknowledge, "[t]his case was brought to obtain a pendency order establishing iBRAIN as each [s]tudent's pendency placement."  *Id.* at 4.  Accordingly, "Defendants' obligations toward each student-Plaintiff depend on separate orders entered in separate administrative proceedings, based on different records, for different children, and covering different time periods.  The general allegation of widespread delay by the DOE does not alter the conclusion that each Plaintiff's entitlement to relief is rooted in a different set of 'essential facts.'"  *Frias*, 2025 WL 2494336, at \*2.  Indeed, Defendants' motion for reconsideration demonstrates that "each Plaintiff's claims depend entirely on facts unique to that Plaintiff."  *Id.* at \*3; *see also Bautista v. Banks*, No. 23 Civ. 7366, 2023 WL 6811775, at \*3 (S.D.N.Y. Oct. 16, 2023) (finding joinder improper in an IDEA case where "Plaintiffs are two distinct individuals, with unique needs and different underlying

FAPEs, seeking enforcement of two different final administrative orders, issued for different periods and by different IHOs, in different administrative proceedings").

In exercising its "broad discretion" to drop a party, the Court is "guided by principles of fundamental fairness and judicial efficiency." *Bautista*, 2023 WL 6811775, at *4. (citation omitted). Because "each Plaintiff's request turns on a different set of facts," it would be difficult to "[m]anag[e] those individualized records within one docket." *Frias*, 2025 WL 2494336, at *3; *Bautista*, 2023 WL 6811775, at *5 ("It is extremely inefficient to litigate what are effectively two separate actions in a single lawsuit."). Moreover, the three dropped Plaintiffs would be minimally prejudiced by having to refile their claims as individual actions. K.R.-O. has received a pendency order at iBRAIN and is therefore "not at risk of being removed from their placement[] while disputes concerning their entitlement are ongoing." Recon. Reply at 8. And for the reasons explained above, H.G.M. and O.F. do not appear to be entitled to pendency placement at iBRAIN in the first place. The other relief previously sought by Plaintiffs—specifically, expedited hearings and funding of pendency placements—has been denied. *See* Order at 9. No other motions practice has occurred in this action, which is only around for months old. *See* Compl. "Because the misjoined claims can be refiled in a new action at modest cost, the dismissal of those claims is not unfair. Therefore, the Court concludes that the misjoined claims must be dismissed." *Bautista*, 2023 WL 6811775, at *5.[2]

## CONCLUSION

For the reasons stated above, Defendants' motion to seal, ECF No. 35, and motion for reconsideration, ECF No. 36, are GRANTED. To the extent that the Court's previous order

---

[2] Moreover, Plaintiffs, who were originally Plaintiffs in *Frias*, could have avoided this outcome by heeding Judge Cronan's statement that Plaintiffs may "refile each of their claims in a separate civil action." *Frias*, 2025 WL 2494336, at *3; *see also* ECF No. 1, *Frias*, No. 25 Civ. 5936 (S.D.N.Y.).

entered at ECF No. 33 declared that H.G.M. and O.F. are entitled to pendency placements at iBRAIN for the 2025-2026 school year, that portion of the order is VACATED.  The claims of all Plaintiffs except Rosa Zayas, as the parent and natural guardian of R.Z., and Rosa Zayas individually, are DISMISSED without prejudice to the refiling of their claims in separate actions.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 35 and 36 and terminate from the docket all Plaintiffs except Rosa Zayas, as parent and natural guardian of R.Z., and Rosa Zayas, individually, and amend the caption accordingly.

SO ORDERED.

Dated: January 30, 2026
       New York, New York

_____
ANALISA TORRES
United States District Judge

10