UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSA ZAYAS, as Parent and Natural Guardian of R.Z.,
and ROSA ZAYAS, Individually;

                Plaintiff,

              -against-

MELISSA AVILES-RAMOS, in her official capacity as
Chancellor of the New York City Department of
Education, and the NEW YORK CITY DEPARTMENT
OF EDUCATION,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/16/2026_____

25 Civ. 7561 (AT)

**ORDER**

ANALISA TORRES, District Judge:

        Plaintiff and all previously dismissed Plaintiffs[1] (collectively, for the purposes of this motion, "Plaintiffs") move for a stay pending appeal of the Court's order at ECF No. 43. *See* Mot., ECF No. 45; Mem., ECF No. 46; *see also* Opp., ECF No. 49; Reply, ECF No. 50.

        Courts consider four factors when assessing a motion for stay pending appeal:  (1) the movant's "strong showing that [they are] likely to succeed on the merits"; (2) "irreparable injury to [the movant] in the absence of a stay"; (3) "substantial injury to the nonmoving party if a stay is issued"; and (4) "the public interest." *New York v. United States Dep't of Homeland Sec.*, 974 F.3d 210, 214 (2d Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).  "[A] stay is 'an exercise of judicial discretion,'" and the moving party "bears the burden of showing that the circumstances justify an exercise of discretion." *Id.* (quoting *Nken*, 556 U.S. at 433–34).  "The first two factors are the most critical." *Id.*

        The first factor, the likelihood of success on the merits, weighs heavily against a stay. As to the severance of misjoined Plaintiffs, Plaintiffs merely repeat the same contention, already rejected, that their claims "arise from the same series of transactions and occurrences." Mem. at 7, 9;[2] *see* Order at 7–9 (finding that Plaintiffs' claims on the merits do not share the same essential facts and that it would be difficult to manage the individualized records within one docket).  Plaintiffs have not made a strong showing that the Court abused its discretion in dismissing their claims without prejudice. *See Frias v. Aviles-Ramos*, No. 25 Civ. 5936, 2025 WL 2494336, at *3 (S.D.N.Y. Aug. 29, 2025) (explaining that the Court has broad discretion to add or drop parties).  Plaintiffs also have not made a strong showing that the Court erred in vacating its prior pendency order on the grounds that reconsideration was "'necessary to correct manifest errors of . . . fact . . . and to prevent 'manifest injustice.'" Order at 6 (citation omitted).  Plaintiffs, notably, make no showing that they are entitled to pendency at iBRAIN,

---

[1] The previously dismissed Plaintiffs are Lizette Martinez, as Parent and Natural Guardian of H.G.M., and Lizette Martinez, individually; Bintu Kabba, as Parent and Natural Guardian of O.F., and Bintu Kabba, individually; Maylene Otero, as Parent and Natural Guardian of K.R-O., and Maylene Otero, individually.

[2] The page numbers refer to the page number of the PDF document.

*see generally* Mem., and the Court notes that enrollment at iBRAIN alone does not entitle them to an automatic injunction. *See Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 536 (2d Cir. 2020) (explaining that the stay-put provision does not apply when a parent "unilaterally transfer[s] his or her child and subsequently initiate[s] [a dispute Individualized Education Program] to argue that the new school's services must be funded on a pendency basis"). Therefore, the Court rejects Plaintiffs' characterization that the Court "suspended an automatic statutory injunction created by 20 U.S.C. § 1415(j)." Mem. at 21. Rather, the Court determined, following briefing on Defendants' motion for reconsideration, that reconsideration was warranted, a decision that is "committed to the sound discretion of the district court." *Flynn v. Cable News Network, Inc.*, 621 F. Supp. 3d 432, 435 (S.D.N.Y. 2022) (citation omitted).

As to the second factor, the Court is not persuaded by Plaintiffs' unsubstantiated assertions that the Court's order "left Plaintiffs without an operative pendency determination during ongoing proceedings." Mem. at 24, 26, 29; *see* Order at 4–5 (noting that all students, except H.G.M. who is not legally entitled to one because of her age, have received pendency orders from an impartial hearing officer); *see also id.* at 9 (noting minimal prejudice to Plaintiffs because of their pendency orders). Moreover, as this Court has held before, "structural and procedural" harms, Mem. at 26, are not irreparable harms. *See* ECF No. 33 at 5. Because Plaintiffs fail to fulfill their burden as to the two most critical factors, and the Court does not find that the remaining factors weigh in favor of a stay either, Plaintiffs' motion is DENIED.

SO ORDERED.

Dated:   March 16, 2026
         New York, New York

_____
ANALISA TORRES
United States District Judge