USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 7/14/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSA ZAYAS, as Parent and Natural Guardian of R.Z., and ROSA ZAYAS, Individually;

Plaintiffs,

-against-

MELISSA AVILES-RAMOS, in her official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendants.

25 Civ. 7561 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff Rosa Zayas, individually and as parent and natural guardian of R.Z., seeks leave to file a motion to hold Defendants in civil contempt for their alleged noncompliance with a Court order and to direct "immediate compliance with all remaining funding requirements." Pl. Ltr. at 1, ECF No. 55. Defendants argue that they have not violated a Court order. *See generally* Opp. Ltr. at 1, ECF No. 56. The Court agrees. Accordingly, Zayas' request is denied.

"A contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d. Cir. 1995). The movant must establish that: "(1) the order that the [alleged] contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the [alleged] contemnor has not diligently attempted to comply in a reasonable manner." *Id.*

Zayas' pre-letter motion suggests no plausible basis for a contempt motion. Zayas insists that the Court "establish[ed] Defendants' obligation to pay . . . immediate and full pendency funding." Pl. Ltr. at 1. Not so. The Court declared that iBRAIN is R.Z.'s pendency placement for the 2025–2026 school year. *See* PI Order at 5–7, ECF No. 33 at 5–7; Recon. Order at 4, 6–7, ECF No. 43.[1] The Court did not impose specific obligations with respect to the scope or the timing of funding payments. *See generally* PI Order. To the contrary, the Court *denied* the request to order Defendants to fund the students' pendency program immediately. *Id.* at 7–9. As the Court noted, and the Second Circuit has explained, the stay-put provision of the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(j), "entitles families to automatic relief with respect to educational placement but not with respect to payments." *Mendez v. Banks*, 65 F.4th 56, 59 (2d Cir. 2023); *see* PI Order at 7. Accordingly, Defendants have complied with the only court-imposed obligation which was to ensure R.Z.'s placement at iBRAIN for the 2025–2026 school year. *See* Pl. Ltr. at 1 (confirming that R.Z. was enrolled at iBRAIN).

[1] Thereafter, Defendants moved for reconsideration of the Court's order with respect to certain student-plaintiffs, who have since been dismissed from this action. *See generally* Recon. Order. On reconsideration, the Court did not alter its order as to R.Z.'s placement. *See id.* at 6–7 (vacating the order with respect to H.G.M. and O.F.).

To the extent that Defendants have unlawfully delayed payments in connection with R.Z.'s pendency placement at iBRAIN for the 2025–2026 school year, this issue is properly addressed on the merits of the complaint, not through a contempt motion. Because Zayas has failed to plausibly show a clear and convincing violation of a clear and unambiguous court order, *see King*, 65 F.3d at 1058, the Court DENIES Zayas leave to file a motion for contempt.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 56.

SO ORDERED.

Dated: July 14, 2026
New York, New York

ANALISA TORRES
United States District Judge